**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 18, 2020

Ms. Ellen Heine
515 Van Bussum Ave.
Garfield, NJ 07026
*Pro Se Appellant*

Francesca Ann Arcure, Esq.
Phillip Andrew Raymond, Esq.
McCalla Raymer Leibert Pierce, LLC
99 Wood Avenue
Iselin, NJ 08830
*Counsel for Appellee JP Morgan Chase Bank Savings Fund & Phillip A. Raymond, Esq.*

Leidy Johanna Gutierrez, Esq.
Reed Smith
136 Main Street, Suite 250
Princeton Forrestal Village
Princeton, NJ 08540
*Counsel for Appellee Wells Fargo Bank, NA*

Elizabeth K. Holdren
Hill Wallack LLP
202 Carnegie Center
Princeton, NJ 08543
*Counsel for Appellee Wilmington Savings Fund Society, FSB & Elizabeth K. Holdren, Esq.*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

   **Re:**   ***Heine v. Wells Fargo Bank, NA*, No. 20-10343 (SDW)**
           ***Heine v. Wilmington Savings Fund Society, FSB*, No. 20-10344 (SDW)**
           ***Heine v. JP Morgan Chase Bank Savings Fund*, No. 20-10268 (SDW)**

Litigants:

      Before this Court are three separate actions (collectively, "Bankruptcy Appeals")[1] by *pro se* Appellant Ellen Heine ("Appellant" or "Debtor") which stem from the same underlying

---

[1] This Court refers to the Bankruptcy Appeals as follows:

Bankruptcy action, *In re Ellen Heine d/b/a Haine Studio*, Bankruptcy Case No. 19-31041. This Court has jurisdiction over appeals from orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). For the reasons discussed below, the Court dismisses Appellant's Bankruptcy Appeals.

**DISCUSSION**

    A. Background

Prior to the instant Bankruptcy Appeals, Appellant was involved in an underlying state court foreclosure action regarding her purported interest in a Garfield, New Jersey property ("Garfield Property"). (*See generally* Chase Appeal, D.E. 8 through D.E. 8-4.) During the pendency of the foreclosure action, Appellant filed for Chapter 13 Bankruptcy protection in what may have been an attempt to secure a line of credit tied to the Garfield Property. (*See generally* Chase Appeal, D.E. 7 & D.E. 10.)

On July 16, 2020, the Bankruptcy Court held a hearing on submissions and arguments made by various parties and subsequently entered three orders, including: (i) an August 3, 2020 order denying Debtor's motion for proof of standing as to Wilmington Savings Fund Society, FSB ("Wilmington") and its mortgage on a Patterson, New Jersey property; (ii) a July 28, 2020 order denying Debtor's motion for reconsideration of the Bankruptcy Court's May 29, 2020 order vacating the automatic stay with respect to the Garfield Property; and (iii) a July 28, 2020 order resolving a motion to vacate the automatic stay concerning a Montclair, New Jersey property. (Chase Appeal, D.E. 1-1 & 1-2; Wilmington Appeal, D.E. 1-2; Wells Fargo Appeal, D.E. 1-1.) Between August 10 and August 13, 2020, Appellant filed the same Notice of Appeal in the three separate Bankruptcy Appeals before this Court. (D.E. 1.)[2] Each action appeals one or more of the Bankruptcy Court's orders noted above.

Although Appellant filed a brief in the Chase Appeal, she has not filed briefs in the remaining appeals. Meanwhile, this Court is in receipt of letters from counsel taking issue with the naming of certain appellees who are attorneys for the named entity-appellees in the Bankruptcy Appeals. The Court will discuss the Bankruptcy Appeals and the various filings in turn.

    B. Bankruptcy Appeals

*Heine v. Wells Fargo Bank, NA*, **No. 20-10343 (SDW):** This matter was filed on August 12, 2020 and appeals the Bankruptcy Court's July 28, 2020 order resolving a motion to vacate the automatic stay concerning a Montclair, New Jersey property. (D.E. 1-2.) Appellant filed the designation of record on appeal on August 21, 2020, and her opening brief was due by September 21, 2020. (D.E. 2.) On September 23, 2020, this Court granted Appellant's request for a 21-day extension to file her opening brief. (D.E. 5.) However, on October 28, 2020, Appellant filed a letter seeking a 30-day stay, noting that she reached a settlement with appellee Wells Fargo Bank,

---

    *Heine v. Wells Fargo Bank, NA*, No. 20-10343 (SDW) ("Wells Fargo Appeal")
    *Heine v. Wilmington Savings Fund Society, FSB*, No. 20-10344 (SDW) ("Wilmington Appeal")
    *Heine v. JP Morgan Chase Bank Savings Fund*, No. 20-10268 (SDW) ("Chase Appeal")

[2] The Court refers to Docket Entry Number 1 in all Bankruptcy Appeals.

NA ("Wells Fargo").  (D.E. 6.)  A notice of appearance was entered on behalf of Wells Fargo on December 10, 2020.  (D.E. 9.)

On September 10, 2020, Francesca Arcure, counsel of record for JP Morgan Chase Bank Savings Fund ("JP Morgan") in the Chase Appeal, filed a letter in the Wells Fargo Appeal.  (D.E. 3.)  Ms. Arcure states that Phillip Raymond, Esq., her co-counsel of record in the Chase Appeal, was improperly docketed as an appellee in the Wells Fargo Appeal.  (*Id.*)  In addition, on November 25, 2020, two identical letters were filed by Angela C. Pattison, Esq., from the law firm of Hill Wallack LLP ("HW").  (D.E. 7, 8.)  The same letter (hereinafter, "Pattison Letter") was filed in all three Bankruptcy Appeals and raises issues as to each appeal.[3]  With respect to the Wells Fargo Appeal, Ms. Pattison states that Elizabeth Holdren, Esq. was improperly named as an appellee and therefore should be dismissed as a matter of law.  (Pattison Letter at 2–3.)  Ms. Holdren is an attorney for HW and counsel of record for Wilmington in the Wilmington Appeal.  (*Id.*)

***Heine v. Wilmington Savings Fund Society, FSB*, No. 20-10344 (SDW):**  This matter was filed on August 13, 2020 and appeals the Bankruptcy Court's July 28, 2020 order denying Debtor's motion for reconsideration of the Bankruptcy Court's May 29, 2020 order vacating the automatic stay with respect to the Garfield Property.  (D.E. 1-2.)  Appellant filed the designation of record on appeal on August 21, 2020, and her opening brief was due by September 21, 2020.  (D.E. 2.)

Thereafter, the Pattison Letter was filed on November 25, 2020.  (D.E. 3.)  As it relates to the Wilmington Appeal, Ms. Pattison states that the order denying Debtor's motion for reconsideration pertains to JP Morgan, not Wilmington.  (*Id.* at 3.)  Because there is no relief sought from Wilmington in the Wilmington Appeal, Ms. Pattison requests that Wilmington be removed from the matter.  (*Id.*)

***Heine v. JP Morgan Chase Bank Savings Fund*, No. 20-10268 (SDW):**  This matter was filed on August 10, 2020 and appeals the Bankruptcy Court's (i) August 3, 2020 order denying Debtor's motion for proof of standing as to Wilmington's mortgage on a Patterson, New Jersey property; and (ii) July 28, 2020 order resolving a motion to vacate the automatic stay concerning a Montclair, New Jersey property.  (D.E. 1-1, 1-2.)  Appellant filed the designation of record on appeal on August 21, 2020, and her opening brief was due by September 21, 2020.  (D.E. 2.)  On September 23, 2020, this Court granted Appellant's request for a 30-day extension to file her opening brief.  (D.R. 6.)  Appellant filed an opening brief on October 27, 2020, and JP Morgan submitted an opposition on November 30, 2020.  (D.E. 7, 10.)

The Pattison Letter was filed on November 25, 2020.  (D.E. 9.)  Ms. Pattison states that Ms. Holdren was also improperly named as an appellee in the Chase Appeal and therefore should be dismissed as a matter of law.  (*Id.* at 2.)  In addition, Ms. Pattison requests that the Court dismiss the Chase Appeal for failure to prosecute because Appellant's brief addresses the Bankruptcy Court's July 28, 2020 order on reconsideration, which is ***not*** the subject of the Chase Appeal.  (*Id.*)

---

[3] *See also* Wilmington Appeal, D.E. 3; Chase Appeal, D.E. 9.

### C. Failure to Prosecute the Wells Fargo and Wilmington Appeals

The Wells Fargo and Wilmington Appeals are dismissed for failure to prosecute. Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 8003(a)(2), this Court may dismiss an appeal for failure to prosecute or comply with established procedures set forth in the federal rules. *See* Fed. R. Bankr. P. 8003(a)(2); *In re Richardson Indus. Contractors, Inc.*, 2006 WL 1683653, *3 (3d Cir. June 20, 2006). The court must weigh the following factors articulated in *Poulis v. State Firm Fire & Casualty Company* before dismissing an appeal for failure to prosecute:

> (1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984).

Under the first factor, when an appellant proceeds *pro se*, the individual is personally responsible for his or her actions. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d. Cir. 2002). Thus, this Court finds the *pro se* Appellant personally responsible for her actions, or lack thereof, in both the Wells Fargo and Wilmington Appeals. Second, having filed the Wells Fargo and Wilmington Appeals on August 12, 2020, and August 13, 2020, respectively, the Court finds that the appellees have been prejudiced by Appellant's failure to prosecute the appeals. There has been no movement in either appeal for four months, leaving the appellees unable to address the merits of the appeals.[4] The Appellant has failed to comply with Bankruptcy Rule 8018(a)(1), which required her to file an opening brief within 30 days of docketing the designation of the record on appeal. Moreover, the Appellant is well-aware of her obligation to comply with the Bankruptcy Rules, having requested extensions to file opening briefs in two of the three Bankruptcy Appeals. For these reasons, the Court also finds a pattern of dilatoriness under the third factor. *See Poulis*, 747 F.2 at 868 ("Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court.").

Next, under the fourth *Poulis* factor, the Court interprets Appellant's failure to comply with the Bankruptcy Rules as willful, given her demonstrated knowledge and familiarity of the filing deadlines that she was required to meet in the present Bankruptcy Appeals. *See In re 40 Lakeview Drive, LLC*, No. 18-5551, 2018 WL 10150481, at *2 (D.N.J. June 28, 2018) (finding appellant's conduct willful where she missed filing deadlines despite her "obvious familiarity with said deadlines"). Moreover, under the fifth factor, it is unlikely that alternative sanctions such as the imposition of fines, costs or fees would be effective in light of Appellant's *pro se* status.

---

[4] Although Appellant sought an extension and stay in the Wells Fargo Appeal, the Court never granted a stay and Appellant has failed to file any additional correspondence with the Court on any issue, including those raised in the Pattison Letter.

Finally, the last *Poulis* factor considers the meritoriousness of Appellant's claims or defenses. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869–70. Here, because the Appellant failed to file an opening brief in the Wells Fargo and Wilmington Appeals, the bases of Appellant's claims are unclear. However, in weighing the *Poulis* factors, this Court finds that even if the Wells Fargo and Wilmington Appeals have some merit, dismissal of those actions is appropriate. *See In re New Century TRS Holdings, Inc.*, 619 F. App'x 49 (3d Cir. 2015) (finding that any potential merit of an appeal from a Bankruptcy Court order failed to outweigh the other *Poulis* factors favoring dismissal). Accordingly, the Wells Fargo and Wilmington Appeals are dismissed for failure to prosecute. *See In re 40 Lakeview Drive, LLC*, 779 F. App'x 134 (3d Cir. 2019) (upholding the *sua sponte* dismissal of a bankruptcy appeal for failure to prosecute after *pro se* appellant failed to file a timely opening brief); *see also In re Prommis Holdings LLC Tidwell v. JPMorgan Chase Bank, N.A.*, No. 14-51001, 2015 WL 13450202, at *2 (D. Del. Dec. 14, 2015), *aff'd sub nom. In re Prommis Holdings, LLC*, 665 F. App'x 238 (3d Cir. 2016).

D. Dismissal of the Chase Appeal

As stated above, the Chase Appeal purports to appeal the Bankruptcy Court's orders (i) denying Debtor's motion for proof of standing as to Wilmington's mortgage on a Patterson, New Jersey property; and (ii) resolving a motion to vacate the automatic stay concerning a Montclair, New Jersey property. (D.E. 1-1, 1-2.). However, the first page of Plaintiff's opening brief states that the Chase Appeal pertains to the Bankruptcy Court's denial of her motion for reconsideration of the order granting JP Morgan relief from the automatic stay as related to the Garfield Property. (D.E. 7 at 1.) Appellant makes no arguments whatsoever with respect to the two orders that are purportedly the subject of the Chase Appeal. (*See generally id.*) Accordingly, because Appellant failed to present arguments related to the Bankruptcy Court's orders denying Debtor's motion for proof of standing and resolving the motion to vacate the automatic stay related to a Montclair, New Jersey property, "the [A]ppellant has abandoned and waived th[ose] issue[s] on appeal." *See Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993); *In re Prommis Holdings, LLC*, 665 F. App'x 238, 240 (3d Cir. 2016) (finding waiver of the only issue presented on appeal of district court's dismissal of a bankruptcy appeal where appellant's brief merely argued why the Bankruptcy Court erred below) (citing *United States v. Menendez*, 831 F.3d 155, 175 (3d Cir. 2016)).

To the extent that the Appellant intended to appeal the Bankruptcy Court's initial order granting JP Morgan relief from the automatic stay and the decision on reconsideration, Appellant failed to submit copies of the May 21, 2020 and July 16, 2020 transcripts for this Court's consideration, which contain the Bankruptcy Court's reasons for lifting the automatic stay and denying reconsideration of the same. (*See* Chase Appeal D.E. 8 at 10–11 (May 28, 2020 order vacating automatic stay "for the reasons set forth on the record" on May 21, 2020); Wilmington Appeal, D.E. 1-2 (July 28, 2020 order denying reconsideration "for the reasons set forth on the record" on July 16, 2020).). Appellant's failure to file said transcripts is a violation of Bankruptcy Rule 8009(b), which requires appellants to order "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal." Appellant's neglect to order transcripts prohibits this Court from conducting an "informed, substantive appellate review," and therefore warrants dismissal of the Chase Appeal to the extent Appellant takes issue with the

Bankruptcy Court's decisions, initially and on reconsideration, vacating the automatic stay pertaining to the Garfield Property. *See In re Olick*, 466 B.R. 680, 695 (E.D. Pa. 2011), *aff'd*, 498 F. App'x 153 (3d Cir. 2012); *see also id.* (quoting *In re Corio*, No. 07-5864, 2008 WL 4372781, at *6 (D.N.J. Sept. 22, 2008)) ("[Dismissal] is appropriate where the order being appealed from does not disclose the factual or legal basis of the bankruptcy judge's decision because the court may not 'conduct a meaningful review of the issue without reviewing the transcript . . . .'").

Accordingly, notwithstanding the Bankruptcy Court order(s) Appellant intended to appeal, the Court dismisses the Chase Appeal for the reasons discussed above.

## **CONCLUSION**

For the reasons stated above, Appellant's Bankruptcy Appeals are **DISMISSED**. An appropriate order follows.

    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties